Ilsley, J.
The plaintiffs, butchers, claimed in the Fourth District Court of New Orleans, against the defendants, in solido, with privilege on the steamer B. W. Powell, her tackle, apparel, machinery and furniture, for supplies of meat furnished said boat, as per detailed bill annexed to their petition, the sum of three hundred and forty-seven dollars and sixty-seven cents.
Wreibling pleaded a general denial, and specially that the plaintiffs had no privilege on the boat, and called in warranty his co-defendant, Shannon.
Shannon for answer to the original petition and call in warranty, also pleaded the general issue.
He admitted therein that he was bound for all the liabilities of the B. W. Powell, but denied that the boat owed anything to the plaintiffs.
And then came and intervened in the said suit John Hughes, claiming ownership and possession of the engines, boilers, machinery, doctor, etc., saved from the wreck of the steamer R. W. Powell, which he purchase 1 on the 21st of October, 1861, one half thereof from Wm. M. Weibling, and on the 21st of October, 1861, the other half from Charles Whiting, the salvor thereof. He avers that he bought the same free from all incumbrance and received due delivery thereof, and was in legal and quiet possession, when disturbed by the sheriff, who, on the writ of sequestration issued in this case, has seized the above-described property.
To this petition in intervention, claiming ownership of the sequestered property, the plaintiffs pleaded the general issue.
By the certificate of the clerk of the lower Court, we find the transcript to contain all the proceedings had, as well as all the documents filed, and all the testimony adduced, except documents A, B, C and D, filed, therein on 31st of October, 1861.
As a writ of certiorari, if issued in due season, would have been useless, as there is nothing to show that the missing documents have been found, we should at once have dismissed the appeal. Harris v. Hays, 8 A. 433. But, as there is in the record a bill of exceptions, we shall proceed to examine it. Taylor vs. Littlefield, 5 Bob. 132.
On the trial of this case, the plaintiffs offered as a witness, to prove their demand, William Weibling, one of the defendants in the suit, to. whose testimony his co-defendant, J. B. Shannon, objected on the ground that Weibling had called him in' warranty, and prayed for judgment in his favor against Shannon for whatever amount plain tiffs might recover in said case, and that said William Weibling was directly interested in showing *122 that the demand of plaintiffs was a debt for which Shannon and Weibling were bound, and in establishing the amount of said debt against Shannon.
We have been unable to discover any disqualifying interest whatever in the witness, on the ground alleged. By establishing the plaintiffs’ claim he would be rather testifying, against his interest; although, we think he stood indifferent between the parties. The evidence of Weibling was admissible.
The judgment of the lower Court was in favor of the plaintiffs, and against the defendants, insólido, for the sum claimed and interest and judgment over in favor of Weibling, and against his warrantor, Shannon, for the same amount and interest. No privilege on the machinery, etc., was recognized in favor of the plaintiffs; but Hughes, the intervenor, was declared the owner thereof; and Shannon only, appealed.
In this Court the plaintiffs and appellees have prayed for an amendment of the judgment, so as to recognize the privilege claimed by them.
As the record is now presented, it cannot be revised by this Court; and under the authority of Barrow v. Landry, 12 An. 83; Ennis v. Murphy, 11 Rob. 477; Agricultural Bank v. Alexander, 1 An. 246; Lyons v. Andrews, 5 An. 602, the case must be remanded for a new trial.
It is therefore ordered, adjudged and decreed that the judgment of the lower Court be avoided and reversed, and that the case be remanded to the lower Court for further proceedings according to law, at the costs of appellants.
Pelilionfor a Rehearing, by plaintiffs and appellees. — Plaintiffs would most respectfully ask for a rehearing in this, case, and, in doing so, solicit the attention of the Court to the following facts:
1. That the evidence of Capt. W. M. Weibling (Rec. pjD. 26, 27) and John Harman (Rec. 27) proves conclusively the correctness of plaintiffs’ claim.
2. That there is nothing in the record to impeach, contradict, or call in question the correctness of their testimony.
3. That the judgment of the lower Court is in favor of plaintiffs, but without allowing them a privilege on the machinery of the boat. This they asked to have amended by granting, them a privilege on the machinery sequestered; consequently the only question in the case is a legal one; that is, whether we are entitled to a privilege on the machinery of the boat; and, for the decision of this question, it will be unnecessary to send the case back to the lower Court.
The article in our Code 3244, says, privileges are lost by the destruction of the thing; but that means a total loss, not where parts of it remain. As we had a privilege on every part of the boat, previous to her loss, so we retain it on any portion that is not lost, otherwise it would be in the power of a person to defeat the privileged creditors by pulling the thing to pieces.